The undersigned have reviewed the prior Order filed by Deputy Commissioner Glenn. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives; or amend the holding of the prior Order. The Full Commission, however, has made findings of fact in support of the conclusions of law set forth by Deputy Commissioner Glenn.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
***********
STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
***********
Based upon the competent evidence of record, the Full Commission makes the following:
FINDINGS OF FACT
1. The last compensation check received by the plaintiff for his August 26, 1985 compensable allergic dermatitis was on March 17, 1986.
2. Plaintiff did not file a new claim for dermatitis of his hands and arms until February 1995.
3. Defendants are not responsible for plaintiff's failure to file a claim for a change of condition more than two years after he received his last compensation check for his August 26, 1985 compensable dermatitis.
4. The dermatitis condition treated by Dr. Oudeh is the same condition that plaintiff sustained on August 26, 1985. Plaintiff has not sustained a new injury with regard to the contact dermatitis that he sustained on August 26, 1985.
***********
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. In order for the Industrial Commission to obtain jurisdiction over a claim for a change of condition following a prior award of the Industrial Commission, the claim must be filed with the Industrial Commission within two years after the last compensation check was paid to the plaintiff. In the present case, plaintiff did not file any claim within two years after the payment of the last compensation check, and defendants are not estopped to plead the jurisdictional bar to plaintiff's claim. N.C. Gen. Stat. § 97-47.
2. Plaintiff has failed to show by the greater weight of the evidence that the dermatitis that was treated by Dr. Oudeh is a new injury and is not the same injury that he sustained on August 26, 1985.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following
AWARD
1. Plaintiff's claim is HEREBY DENIED.
2. Defendants shall pay an expert witness fee in the amount of $160.00 to Dr. Oudeh.
3. Each side shall pay its own costs.
 S/ ______________ DOUGLAS E. BERGER DEPUTY COMMISSIONER
CONCURRING:
S/ __________________ DIANNE C. SELLERS COMMISSIONER
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER